**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50095 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02657-LAB |
| v. | |
| ALFREDO MENDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Alfredo Mendez appeals from the district court's judgment and challenges the 78-month sentence and 5-year term of supervised release imposed following his guilty-plea conviction for importation of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm in part and vacate and remand in part.

Mendez contends the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, and its commentary in denying his request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reveals that the district court identified the correct legal standard and considered the five factors listed in the commentary before determining that Mendez was not "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C). The record does not support Mendez's contention that the district court failed to apply some of the factors because of a policy disagreement with the Sentencing Commission; rather, the court declined to give those factors the weight urged by Mendez. The district court did not abuse its discretion by denying the minor role adjustment in light of the totality of the circumstances, including Mendez's prior successful drug crossing and the large amount of drugs Mendez smuggled. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Mendez also contends that the district court plainly erred by imposing a five-year term of supervised release. Whether the district court was referring to the

statutory term or the advisory Guideline range for supervised release when it stated "[i]t's three years to life," the district court erred. *See* U.S.S.G. § 5C1.2 cmt. n.9 (if defendant is safety valve eligible, he is exempt from the statutory minimum term of supervised release); *id.* § 5D1.2(a)(1) (applicable Guidelines range for supervised release is 2-5 years). Accordingly, we vacate the district court's judgment and remand for resentencing as to the supervised release term only. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).

**AFFIRMED in part; VACATED and REMANDED in part.**